**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **SFC RET JOE KENNETH** | : | |
| **HARVEY, JR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No. 4:24-cv-103-CDL-AGH** |
| | : | |
| **BEVERLY CRAWFORD, *et al.,*** | : | |
| | : | |
| **Defendants.** | : | |
| ──────────────────────── | : | |

## ORDER

In accordance with the Court's previous orders and instructions, pro se Plaintiff SFC RET Joe Kenneth Harvey, Jr., an inmate at the Wheeler Correctional Facility in Alamo, Georgia, responded to the September 5, 2024 order to show cause, describing his efforts to comply with the Court's previous order to submit a complete and proper motion for leave to proceed *in forma pauperis.* For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED,** and Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the $405.00 filing fee in full or submit a renewed motion for leave to proceed *in forma pauperis.* Plaintiff also has **FOURTEEN (14) DAYS** from the date shown on this Order to recast his complaint on the Court's standard form if he wishes to proceed with this action.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed to proceed *in forma pauperis* (ECF No. 2). The Court may permit the "commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor," if a prisoner "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In deciding whether an individual is entitled to proceed *in forma pauperis*, "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (alterations in original) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).[1] An individual does not have to be "absolutely destitute" to proceed *in forma pauperis* under § 1915. *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). Instead, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

As previously explained, in addition to this affidavit, a prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

of the complaint." 28 U.S.C. § 1915(a)(2).   In his response to the Court's show cause order, Plaintiff explains that he has been unable to obtain a copy of his prison trust fund account statement despite his repeated requests.   Pl.'s Resp. 1, Sept. 16, 2024, ECF No. 6.   The Court will therefore waive the requirement for Plaintiff to produce this information at this time.   Plaintiff's affidavit, however, indicates he should be able to pay the filing fee.

Plaintiff first acknowledges that he has some assets.   He states he has cash or money in a checking, savings, or prison account although he does not know how much because his spouse maintains their financial accounts.   Mot. Proceed IFP 2, ECF No. 1.   Plaintiff also owns (or co-owns) a $180,000.00 home and a "Truck 3500 Chevrolet."   *Id.*[2]   In addition, Plaintiff states he was receiving $9200.00 a month in military retirement pay, VA disability pay, and social security disability pay prior to his incarceration.   Mot. Proceed IFP 1, ECF No. 2.   Although Plaintiff states that at least some of this pay is "currently suspended," it is unclear whether he is still receiving any of this pay or whether his spouse is receiving and managing any of it on his behalf.   *Id.*

Plaintiff's need to provide support for himself and his dependents also appears to be minimal.   Plaintiff's basic needs are met by the Georgia Department of Corrections.   *See Shephard v. Clinton*, No. 99-3829, 2000 WL 658077, at *1 (6th Cir. May 8, 2000) (unpublished opinion) (holding that district court did not abuse its

---

[2]   Plaintiff also contends he owns a $25,000.00 RV, but he also states he owes as much as it is worth. Mot. Proceed IFP 2, ECF No. 2.

discretion to deny inmate IFP status where prisoner "could pay the filing fee without depriving himself of the necessities of life" because the "prison system provides for [his] daily care"). And while Plaintiff contends he and his spouse are "dependant [sic] on each other," he does not state "how much [he] contribute[s] toward [her] support," as directed on the Court's standard form. Mot. Proceed IFP 2. Perhaps most significantly, Plaintiff avers that his spouse "would be happy to . . . pay [the fee] in person" if Plaintiff does not have sufficient funds in his prisoner account. *Id.* This allegation suggests Plaintiff has funds to pay the filing fee despite any other liabilities he may have.

For these reasons, Plaintiff's affidavit fails to establish that he is indigent for purposes of 28 U.S.C. § 1915. His motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, and Plaintiff must pay the $405.00 filing fee in full within **FOURTEEN (14) DAYS** of the date shown on this Order if he wishes to proceed with this action. If Plaintiff is unable to pay this amount as ordered, he may file a renewed motion for leave to proceed *in forma pauperis*, explaining his inability to pay, within **FOURTEEN (14) DAYS** of the date shown on this Order. Any renewed motion for leave to proceed *in forma pauperis* should be accompanied by a copy of Plaintiff's prison trust fund account information for the previous six months, certified by the appropriate prison official, or an explanation of why he is still unable to provide this information.

## ORDER TO RECAST

Because Plaintiff is a prisoner seeking redress from a government entity, official, or employee, his complaint must be screened to determine whether it states a colorable claim for relief.  *See* 28 U.S.C. § 1915A(a).   Presently, Plaintiff's complaint fails to state a claim upon which relief may be granted.   Plaintiff is therefore **ORDERED** to recast his complaint as directed below if he wishes to proceed with his claims.

### I.    Factual Allegations

Plaintiff's claims arise from his confinement in the Muscogee County Jail, the "Jackson Prison," and the Wheeler Correctional Facility.   Compl. 5, ECF No. 1.[3] According to the complaint, Plaintiff is "disabled by the State of Georgia – SSD, the U.S. Army, and the Veterans Administration," and he "[r]equire[s] ongoing treatment to [his] neck and back to be able to walk without falling" and to avoid "severe pain." *Id.*   This treatment involves the use of medical equipment such as a cane, braces, and a TENS unit, as well as "injections and ablations to burn off the nerve endings" to decrease his pain and increase the stability of his spine.   Compl. 5, ECF No. 1; Attach. 1 to Compl. 1, ECF No. 1-1.   Plaintiff also contends he suffers from other significant medical conditions, to include posttraumatic stress disorder ("PTSD"), neuropathy, radiculopathy, and migraine headaches.   Attach. 1 to Compl. 1-2.   He further alleges he developed "sever[e] pneumonia" and a MRSA infection due to

---

[3] It is likely that Plaintiff's references to "Jackson Prison" are to the Georgia Diagnostic and Classification Prison in Jackson, Georgia.

exposure to smoke at Jackson, and prison officials have failed to properly treat these conditions. *Id.* at 2-4. Plaintiff contends his spine condition has worsened to the point he is "now confined to a wheelchair," Compl. 5, and he believes his "right lung is probably permanently damaged" from pneumonia, Attach. 1 to Compl. 4. Plaintiff requests to be "[r]eleased under parole & probation immediately so that [he] can receive medical treatment" at the providers who were treating him prior to his incarceration. Compl. 6.

## II.    Deficiencies in Plaintiff's Complaint

### A.    ADA Claims

Plaintiff primarily alleges that Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Compl. 5. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA applies to prisoners in state correctional facilities. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity'"). To state a claim under Title II, a plaintiff must establish:

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

As an initial matter, there is no individual liability under the ADA. *See, e.g.,* *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005). Thus, Plaintiff may not raise any ADA claims against Defendants in their individual capacities. In addition, Plaintiff has failed to allege any specific facts that would allow the Court to conclude that "that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll*, 480 F.3d at 1083.

Perhaps more fundamentally, Plaintiff's ADA claims appear to be based upon Defendants' alleged failure to provide him with adequate medical treatment for his disabilities. Generally, however, "failure to provide adequate medical treatment . . . does not violate the ADA." *Finn v. Haddock*, 459 F. App'x 833, 837-38 (11th Cir. 2012); *Jones v. Rutherford*, 546 F. App'x 808, 811-12 (11th Cir. 2013) ("[T]he ADA is not a 'remedy for medical malpractice' and 'would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners'" (quoting *Schiavo v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005)). Thus, claims which "focus . . . on quality of medical care or the ultimate treatment outcomes" rather than "the equal opportunity to *participate* in obtaining and utilizing services" do not state ADA claims. *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 834 (11th Cir. 2017).

Finally, the only relief Plaintiff seeks in this case is his release from prison. Compl. 6. The Court fails to see how releasing Plaintiff—who was convicted on August 10, 2023 of two counts of felony assault and possession of a firearm and given a twenty-year sentence with seven years to serve—could possibly be a reasonable accommodation for Plaintiff's disabilities. *See Siskos v. Sec'y, Dep't of Corr.*, No.

4:17-cv-186-RH-GRJ, 2018 WL 2452204, at *7 (N.D. Fla. May 18, 2018) (dismissing prisoner's ADA claims after finding requested accommodation—to be released from custody and sent to residential mental-health treatment center to serve life sentence—was not a reasonable one).

### B.    Section 1983 Claims

Plaintiff's allegations could also give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.   *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   A prisoner asserting an Eighth Amendment deliberate-indifference claim must first "demonstrate, as a threshold matter, that he suffered a deprivation that was objectively, 'sufficiently serious.'"   *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).   Then the prisoner "must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]"   *Id.*

In the context of a medical treatment claim, a plaintiff must first "set forth evidence of an objectively serious medical need" and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need."   *Farrow*, 320 F.3d at 1243.   In other words, the defendant must "know of and then disregard an excessive risk to the prisoner."   *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006).   For purposes of this analysis, a "serious medical need" is "one that

has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  A serious medical need can also arise if "a delay in treating the need worsens the condition."  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009).  "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Plaintiff's potential Eighth Amendment claims suffer from at least two fatal defects.  First, as noted above, Plaintiff seeks only his release from prison as a remedy for the constitutional violations he alleges.  It is clear, however, that Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).  Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]"  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  The Court's obligation to "review *pro se* filings liberally" does not permit it to "rewrite a pleading to request a different form of relief." *Benning v. Comm'r, Ga. Dep't of Corr.*, 71 F.4th 1324, 1340 (11th Cir. 2023) (cleaned up).

Second, Plaintiff does not specifically identify which named Defendants are responsible for which alleged denials of adequate medical care.  As best as the Court can tell, Plaintiff has sued the following individuals: Beverly Crawford, the Deputy Warden of Care and Treatment at Jackson; Shawn Gillis, the Warden at Wheeler;

9

Heather Kersey, the Deputy Warden of Care and Treatment at Wheeler.    Compl. 1,
ECF No. 1.    Plaintiff also mentions A. William, from the "medical department" at
Wheeler and an entity identified only as "Medical Care & Treatment."    *Id.* at 4.    But
these individual Defendants are not mentioned at all in the body of the complaint,
and Plaintiff's claims against them could be dismissed for this reason.    *Douglas v.
Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate
where plaintiff failed to allege facts associating defendants with a particular
constitutional violation).

Plaintiff's claims against the facilities he identifies in his complaint are also
subject to dismissal.    Plaintiff first sues the Wheeler Correctional Facility, "Jackson
Correctional," the Muscogee County Jail, and an unspecified department listed as
"Medical Care & Treatment."    Compl. 1, 4.    These correctional facilities are not
entities capable of being sued under § 1983.    *See, e.g.*, *Brannon v. Thomas Cnty. Jail*,
280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that a county jail "is not an entity
capable of being sued under Georgia law"); *Allen v. Brown*, No. CV 112–052, 2013 WL
1333175, at *3 (S.D. Ga. March 7, 2013) (noting that "federal courts in Georgia . . .
have determined that jails and prisons are not legal entities subject to liability in §
1983 claims").

Plaintiff also sues the Georgia Department of Corrections, which is a state
entity entitled to Eleventh Amendment immunity.    *See Stevens v. Gay*, 864 F.2d 113,
115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action
against the Georgia Department of Corrections.    This Eleventh Amendment bar

applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."   (citation omitted)).

Finally, Plaintiff sues Core Civic, which is presumably a private contractor which operates services at one or more of the prisons in which Plaintiff was housed. Such entities cannot be held liable under § 1983, however, unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992); *see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality).   Plaintiff has not alleged that Core Civic maintained any policy or custom that resulted in the denial of Plaintiff's constitutional rights.

### III.   Order to Recast

For these reasons, Plaintiff failed to state an actionable claim under the ADA or § 1983.   But, because Plaintiff is acting pro se, the Court will give Plaintiff an opportunity to amend his pleading to address these deficiencies.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.").   If Plaintiff wishes to pursue his claims, then Plaintiff is **ORDERED** to amend his complaint by recasting it on the Court's standard form within **FOURTEEN (14) DAYS** of the date shown on this Order.   The recast complaint must contain a caption

11

that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)     *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)     *When* and *where* did each action occur (to the extent memory allows)?

(3)     *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he should not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that

Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.    *See* Fed. R. Civ. P. 8.    If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.    Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to file a recast complaint is not an invitation for him to include every imaginable claim that he may have against any state official.    Plaintiff will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure.    Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.    **The recast complaint will supersede (take the place of) the original complaint (ECF No. 1) and the attachment thereto (ECF No. 1-1).    Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**    This ten-page limitation <u>includes</u> (and is not in addition to) the pre-printed pages of the Court's standard form.    **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**    Accordingly, any fact Plaintiff deems necessary to his lawsuit

should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED,** and Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to either pay the $405.00 filing fee in full or submit a renewed motion for leave to proceed *in forma pauperis* as described above. Plaintiff also has **FOURTEEN (14) DAYS** from the date shown on this Order to recast his complaint on the Court's standard form. Plaintiff is reminded of his obligation to notify the Court immediately and in writing of any change in his mailing address. **The failure to fully and timely comply with the Court's orders and instructions may result in the dismissal of this action.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 31st day of October, 2024.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE